SUBJECT TO EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

THE COALITION OF IMMOKALEE
WORKERS, INC.,

                          Plaintiff,

      v.

THE TOWN OF PALM BEACH,

                          Defendant.

Case No. _____

## COMPLAINT

Plaintiff The Coalition of Immokalee Workers, Inc. ("CIW") brings this lawsuit seeking declaratory and injunctive relief against the Town of Palm Beach's ("Palm Beach" or the "Town") enforcement of ordinances and Florida state statutes that on their face and in their application violate CIW's First Amendment rights to peaceful assembly and free speech. CIW is a worker-based human rights organization internationally recognized for its achievements in the fields of social responsibility, human trafficking, and gender-based violence at work. CIW seeks an Emergency Temporary Restraining Order and Preliminary Injunction against Palm Beach's enforcement of these ordinances and laws to hinder or prohibit CIW's planned demonstration in Palm Beach on March 12, 2016.

## SUMMARY OF CLAIMS

1.     CIW challenges provisions of Palm Beach's Code of Ordinances ("Code") and

Florida's state statutes, and Palm Beach's enforcement thereof, that bar or restrict expressive activities protected by the First Amendment. These ordinances and statutes are overbroad and vague, allowing for unfettered discretion in their enforcement, and are not narrowly tailored to satisfy a legitimate Town interest. They prohibit fundamental elements of CIW's planned March 12, 2016 demonstration in Palm Beach and otherwise chill protected First Amendment activity.

2.      Under the Palm Beach Police Department's "do's and don'ts" for demonstrations, and under additional provisions of the Town's Code, all of which, according to the Town, is applicable to CIW's demonstration, CIW is barred from, *inter alia*: 1) making noise "that tends to annoy the community" or "disturbs" the "peace" or "comfort" of "three or more" people; 2) making noises "to attract attention;" 3) using any amplification, including loudspeakers; 4) engaging in any actions that "affect the peace and quiet of persons who witness them;" 5) "obstruct[ing], imped[ing], hinder[ing] or otherwise interfere[ing] with the orderly  movement of pedestrian or vehicular traffic," i.e., marching on public streets; 6) "[t]he use of banners, flags (other than flags of official governmental bodies), streamers, balloons or any similar devices in connection with the event;" 7) "[t]he use of decorated vehicles and trailers in connection with the event;" and 8) otherwise violating any "ordinances or regulations of the town or the state or of federal law." *See* attached as Ex. A (Email from Palm Beach Police Department, attaching "Miscellaneous Statutes for Demonstration," Fla. Stat. §§ 870.02; 877.03 and Palm Beach Code of Ordinances §§ 42-196 and 42-197) and Ex. B (Palm Beach, FL Code of Ordinances §§ 106-218 and 106-257). Demonstrators who violate these ordinances or statutes are subject to criminal liability and fines.

3.      CIW first approached the Palm Beach Police Department, on January 5, 2016, to provide Palm Beach with information regarding its planned event and ascertain which permits were required to proceed. Palm Beach responded with a blanket denial of permission to demonstrate in the manner CIW proposed. Palm Beach subsequently changed its position, and required that a portion of

CIW's demonstration, *i.e.*, the concluding rally scheduled to take place in a public park, be subject to a permit for "Special Events."  Furthermore, Palm Beach took the position that the balance of CIW's demonstration and march was not subject to a permit and could proceed, <u>but</u> was required to comply with <u>all</u> of Palm Beach's ordinances and laws.  Palm Beach forwarded a list of "do's and don'ts" that cited the Town's ordinances and state statutes applying to demonstrations, barring key aspects of CIW's planned event.  *See* Ex. A.  Upon a review of the Town's Code provisions relating to "special events" and "parade" permits (§§ 106-218 and 106-257) CIW found that additional restrictions would apply to its planned event.  *See* Ex. B.

4.      The ordinances and statutes that Palm Beach seeks to apply to CIW's demonstration are so overbroad that virtually no demonstration could be held that would not violate them.  Realizing this, CIW attempted to negotiate with the Town's counsel for an exemption from their enforcement, but ultimately was rejected.  Palm Beach maintained that CIW would require a "special events" permit for a portion of its demonstration and would otherwise need to comply with <u>all</u> Town ordinances and laws.  CIW promptly filed this lawsuit challenging the facial and as-applied constitutionality of the ordinances and laws and seeking to enjoin their enforcement by the Town during CIW's planned March 12, 2016 demonstration.

### JURISDICTION AND VENUE

5.      This action seeks declaratory relief, injunctive relief, compensatory damages, and attorneys' fees pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988, for ongoing and threatened injury to the First and Fourteenth Amendment rights of individuals and organizations engaged in lawful expressive activity in the Town of Palm Beach. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3).

6.      The court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

7.      Venue is proper in the Southern District of Florida, West Palm Beach Division, under 28 U.S.C. §1391. Palm Beach is located in the Southern District of Florida, and all of the acts or omissions complained of herein occurred or will occur in the Southern District of Florida.

8.      This Court has authority to award attorneys' fees pursuant to 42 U.S.C. §1988.

## STANDING TO SUE

9.      CIW has standing to challenge provisions of the Code and state statutes that Palm Beach seeks to enforce against CIW's demonstration.  In order to demonstrate a party has standing it must show: "1) an injury in fact or an invasion of a legally protected interest; 2) a direct causal relationship between the injury and the challenged action; 3) a likelihood of redressability." *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1223 (11th Cir. 2004).  Palm Beach's overbroad, vague and content-based ordinances and statutes are an invasion of CIW's legally protected interest in public assembly and free speech.  CIW is subject to the enforcement of the Town's ordinances and state statutes, the denial of an exemption or permit to demonstrate is an infringement on its First Amendment rights, and the injury will be redressed by the requested injunctive relief.

## PARTIES

### Plaintiff

10.     CIW is a worker-based human rights organization internationally recognized for its achievements in promoting social responsibility, eradicating human trafficking, and combating gender-based workplace violence.  It was built on a foundation of farmworker community organizing starting in 1993.

11.     Since the early 1990s, CIW has uncovered, investigated, and assisted in the prosecution of numerous multi-state farm slavery operations across the Southeastern U.S., helping liberate over 1,200 workers held against their will.

4

12.     From coast-to-coast, CIW has successfully held dozens of demonstrations, strikes, and boycotts without incident.  These actions have drastically improved the working conditions of tens of thousands of farmworkers.  All CIW demonstrations have occurred on public streets or other public fora in substantially the same manner in which CIW will be demonstrating in Palm Beach.  *See* Ex. C. (Pictures of prior CIW demonstrations).  CIW's flawless record is a testament to its commitment to follow the law and protect the safety of its participants and the public at large.

13.     In 2011, CIW launched the Fair Foods Program ("the Program"), to eradicate the abuse of farm workers in Florida's tomato fields and protect their rights to fair compensation, safe working conditions, and freedom from discrimination and sexual harassment.  For its efforts, the Program has been called "the best workplace-monitoring program" in the New York Times, "one of the great human rights success stories of our day" in the Washington Post, and has won widespread recognition for its unique effectiveness from a broad spectrum of human rights observers, from the United Nations to the White House.

14.     Major food retailers, including McDonald's, Burger King, Subway, Chipotle, Whole Foods, Trader Joe's, and Wal-Mart, participate in the Program.  Through demonstrations and marches, CIW is able to raise awareness regarding the Program and induce other retailers to join in efforts to secure farmworkers rights and promote social responsibility in their supply chains.

**Defendant**

15.     Defendant Palm Beach is a municipal corporation organized under the laws and Constitution of the State of Florida, and is a corporate entity capable of suing and being sued.

16.     At all times relevant hereto, The Town of Palm Beach was the final policymaker for purposes of adopting ordinances and other policies formally regulating constitutionally-protected expression and assembly within the town's boundaries.

17.     Defendant Palm Beach maintains and operates the Town of Palm Beach Police Department ("PBPD") which is responsible for the enforcement of the ordinances in question and the arrest of any person alleged to have violated them.  It is the PBPD which actually interprets, enforces, and arrests persons who have allegedly violated the Code of Ordinances.

## FACTUAL ALLEGATIONS

### CIW's March 12, 2016 Demonstration

18.     As part of its 2016 Workers' Voice Tour, CIW selected Palm Beach for the final stop of its annual multi-state demonstration.  Palm Beach is home to Nelson Peltz, the Chairman of the Board of Wendy's.  Wendy's is the only fast food chain of the top five largest fast food corporations in the U.S. that has not joined the Program.  One of the goals of CIW's March 12, 2016 demonstration in Palm Beach is to encourage Wendy's to join the Program.

19.     The demonstration is planned to begin in the City of West Palm Beach.  The protestors will then march across West Palm Beach, over the Royal Park Bridge and into the Town of Palm Beach, through downtown Palm Beach, and conclude with a rally on the Palm Beach Docks.

20.     As it has in hundreds of previous demonstrations, CIW plans to have protestors march in public streets, use amplification through speakers, voice their experiences and communicate information regarding the Program and Fair Food movement, display banners and signage with messages promoting farmworkers rights and use a flatbed truck to direct the march.

### Negotiations with the Town of Palm Beach

21.     On January 5, 2106, CIW spoke for the first time with the PBPD to inform the Town regarding its planned event and identify any permitting requirements for the event.  CIW informed Lieutenant Nicholas Caristo of the nature of the demonstration, including that CIW planned to march on public streets, speak about farmworkers' issues, carry banners and signs, use amplification through speakers and other methods, and use a flatbed truck to direct and protect the marchers.

22.      On January 7, 2106, Lieutenant Caristo, on behalf of the PBPD, left a voicemail with CIW denying CIW's request to march and demonstrate.

23.      On January 11, 2016, the Town changed its position.  Lieutenant Caristo informed CIW that Palm Beach would deny any parade permit application because parades can only be a quarter-mile long and can only be held in specific areas, one of which is currently closed for construction.  Lieutenant Caristo informed CIW that it could march as long as it abided by the "do's and don'ts" for demonstrations that he would forward along.  He also requested that CIW provide a written description of the event and a route map, which CIW promptly supplied.

24.      On January 14, 2016, Lieutenant Caristo emailed CIW with "some concerns."  Ex. A. Changing its position again, Palm Beach now required CIW to obtain a "special events" permit for the last portion of CIW's demonstration which was planned to take place in a public park, at the Palm Beach Docks, near the intersection of S. Lake Dr. and Brazilian Ave.  *See* Ex. A.

25.      A permit was not available for the balance of the march, which was to take place through downtown Palm Beach, and a review of the complete Code of Ordinances revealed no procedure or guidelines for same.  The Code contained a section for "parades," but CIW was told by Lieutenant Caristo that the march would not qualify as a parade.

26.      Instead, in his January 14, 2016 email, Lieutenant Caristo stated that "under no circumstances, is any person allowed to obstruct vehicular or pedestrian traffic, or have vehicles caravan or be used to obstruct vehicular or pedestrian traffic" and attached the "do's and don'ts" for demonstrations he had referenced previously.  *See* Ex. A.

27.      The "do's" and "don'ts" list identified Town ordinances and state statutes that prohibited key aspects of CIW's planned event.  They barred, among other things: 1) noise "that tends to annoy the community" or "disturbs" the "peace" or "comfort" of "three or more" people; 2) noises "to attract attention;" 3) the use of any amplification, including loudspeakers; and 4) any actions that "affect the peace and quiet of persons who witness them."

28.     The Code provisions applying to "special events" and "parades" revealed that CIW was further barred from: 1) "obstruct[ing], imped[ing], hinder[ing] or otherwise interfere[ing] with the orderly movement of pedestrian or vehicular traffic," i.e., marching on public streets; 2) "[t]he use of banners, flags (other than flags of official governmental bodies), streamers, balloons or any similar devices in connection with the event;" 3) "[t]he use of decorated vehicles and trailers in connection with the event;" and 4) otherwise violating any "ordinances or regulations of the town or the state or of federal law."

29.     After reviewing the ordinances and statutes, and realizing that virtually no demonstration could be conducted in Palm Beach without violating them, CIW's counsel contacted the Town's counsel to negotiate an accommodation.

30.     In the meantime, CIW timely applied for the "special event" permit under Article VI – Division 2, § 106-281 of the Town of Palm Beach – Code of Ordinances.  As of the filing of this Complaint, no response has been provided by the Town on CIW's special event permit application.

31.     Between January 22, 2016, and February 19, 2016, the CIW reached out to the Town's counsel and attempted to negotiate an exemption.  These negotiations ultimately were unsuccessful – the Town refused to provide an exemption to its ordinances and statutes that barred CIW's First Amendment activity.  The Town re-iterated that CIW could not march on public streets, use any method of amplification or use a flatbed truck to guide the progress of the march.  The Town never identified specific provisions of its Code of Ordinances or state statutes that would bar CIW's planned march and demonstration.  Instead, it issued the general mandate that CIW comply with all Town ordinances and laws in conducting its march and demonstration.

32.     The Town again changed its position on February 24, 2016.  In a conversation, this time with Chief Szarszewski of the PBPD, the Town now appears willing to permit demonstrators to hold signs and banners and use bullhorns to direct marchers.  Despite this last minute, ad hoc change

in position with respect to these two aspects of the demonstration, the Town's ordinances and statutes otherwise remain in full force.

**The Challenged Ordinances and Statutes**

33.     The ordinances and statutes that apply to bar CIW's demonstration include those identified in the list of "Miscellaneous Statutes for Demonstration" forwarded by the PBPD to CIW on January 14, 2016.  Ex. A.  The following statutes and ordinances identified by the PBPD infringe upon CIW's First Amendment activity:

***The Noise Ordinances***

34.     CIW challenges Palm Beach Code of Ordinance § 42-196 - Prohibited noise.  The Ordinance states:

> **It shall be unlawful for any person to make, continue, or cause to be made or continued:**
>
> > **(1)     Any loud or raucous noise;**
> > **(2)     Any noise that tends to annoy the community or injure the health of the citizens in general; or**
> > **(3)     Any noise that annoys, disturbs, injures or endangers the comfort, repose, health, peace or safety of any considerable number of persons.  A considerable number of persons, for this section, shall mean three or more unrelated persons in separate households.**

35.     CIW challenges Palm Beach Code of Ordinance Secs. 42-197(3), (6) and (7).  The Ordinances state, in relevant part:

> **Specific acts prohibited.**
>
> **The following acts shall be unlawful whether or not such acts constitute a violation of section 42-196:**
>
> > **(3)     *Loudspeakers, amplifiers for advertising.*  The using, operating or permitting the playing, using or operating of any radio or television receiving sets, musical instrument, phonograph, compact disc player,**

loudspeaker, sound amplifier or other machine or device for the producing
or reproducing of sound cast upon public streets for the purpose of
commercial advertising or attracting the attention of the public to any
building or structure.

(6)     *Noises to attract attention*.  The use of any drum, pan, pail, bell,
horn, trumpet, loudspeaker or other instrument or sound-making device
for the purpose of attracting attention to any performance, show, sale,
display or merchandise.

(7)     *Yelling, shouting, similar noises*.  Yelling, shouting, hooting
whistling or singing on the public streets between the hours of 12:00
midnight and 7:00am, or at any time or place in a manner violating the
standards set forth in section 42-196.

### *The Breach of the Peace Statutes*

36.     CIW challenges Florida Statute 870.02 - Unlawful assemblies. The Statute states:

If three or more persons meet together to commit a breach of the peace, or to do
any other unlawful act, each of them shall be guilty of a misdemeanor of the
second degree.

37.     CIW challenges Florida Statute 877.03 – Breach of the peace; disorderly conduct.

The Statute states:

Whoever commits such acts as are of a nature to corrupt the public morals, or
outrage the sense of public decency, or affect the peace and quiet of persons who
may witness them, or engages in brawling or fighting, or engages in such conduct
as to constitute a breach of the peace or disorderly conduct, shall be guilty of a
misdemeanor of the second degree.

38.     The Town has also required that CIW comply with all Town Ordinances and laws.

The following provisions of the Town's Code of Ordinances relating to "special events" and

"parade" permits (Ex. B (Code §§ 106-218 and 106-257)) also infringe upon CIW's First

Amendment activity:

### *The Parade Ordinance*

39.     CIW challenges the Town of Palm Beach Code of Ordinance § 106-218 (10).  The

Ordinance states:

> **Regulation of time, place and manner of parade.**
>
> **(10)    Nothing herein shall preclude picketing or demonstrations on the public streets, sidewalks or parks of the town, which is otherwise permitted by state and federal law, *so long as the picketing or demonstration otherwise complies with all town ordinances* and the picketers or demonstrators are situated in a manner *so as not to obstruct, impede, hinder or otherwise interfere with the orderly movement of pedestrian or vehicular traffic*. (*emphasis added*)**

### *The Special Event Ordinance*

40.     CIW challenges Town of Palm Beach Code of Ordinance § 106-257. The

Ordinance states, in relevant part:

> **Regulations relating to special event.**
>
> **The following regulations shall apply to all special events held within the town:**
>
> **(4)    The use of banners, flags (other than flags of official governmental bodies), streamers, balloons or any similar devices, in connection with the event, shall be prohibited.**
>
> **(5)    The use of decorated vehicles and trailers in connection with the event is prohibited.**
>
> **(9)    The event is not otherwise in violation of ordinances or regulations of the town or the state or of federal law.**

### Imminent Criminal and Civil Penalties

41.     Without a permit or exemption from the various town ordinances, CIW will face

imminent civil and criminal liability.

11

42.     The penalties for violation of any Palm Beach Ordinance are set in Code of

Ordinance § 1-14:

(a)     [A]ny person violating any provision of this Code shall be punished as
follows:

(1)     Where such violation also constitutes a violation of any law or
regulation of the state, such violation shall be punished in the same manner and
within the same limits as is provided by law for such state violation.

(2)     Where such violation does not also constitute a violation of a state law
or regulation, it shall be punished by a fine of not more than $500.00
maximum, or as otherwise established by state law, or a term of imprisonment
not in excess of 60 days, or both such fine and imprisonment, in the discretion
of the court.

(b)     Each separate act or omission in violation of this Code and each separate day
any violation continues or exists shall constitute a separate offense. When the
unlawfulness of an act or omission depends upon the giving of a notice by any
officer of the town, the continuance of the act or omission after such notice
shall be deemed an offense; and the offender shall be punishable for each day
of such continuance as for a separate offense.

(c)     The imposition of a penalty for the violation of this Code shall not bar or
preclude any other remedies available to the town, legal or equitable, to correct
or prevent the continuance of such violation.

43.     The Town of Palm Beach also employs a Town Ordinance Fine Schedule:

**Class I violations:**
First offense . . . $75.00
Second offense . . . 125.00
Third offense . . . 250.00
Fourth and subsequent offense . . .500.00

**Class II violations:**
First offense . . .$125.00
Second offense . . .250.00
Third offense . . .400.00
Fourth and subsequent offense . . .500.00

**Class III violations:**
First offense . . . $250.00
Second and subsequent offense . . .500.00

12

**Class IV violations:** . . .$500.00

44.     Given the breadth and nature of the challenged ordinances and statutes, it is not possible for CIW, or indeed anyone, to freely exercise its constitutionally-protected rights to free speech and public assembly in Palm Beach.

## INJUNCTIVE RELIEF ALLEGATIONS

45.     Plaintiff repeats and realleges each and every allegation of this complaint as if fully set forth herein.

46.     If the Town is not enjoined from enforcing its vague and overbroad ordinance scheme, CIW will be irreparably harmed. CIW is suffering a continuous injury due to the threat of enforcement of the various ordinances and statutes during its demonstration.  By failing to exempt CIW from the various statutes and ordinance provisions that stifle demonstration, CIW has been deprived of the right to freely express protected speech upon threat of civil or criminal liability.  Therefore, CIW is entitled to injunctive relief.

## DECLARATORY RELIEF ALLEGATIONS

47.     Plaintiff repeats and realleges each and every allegation of this complaint as if fully set forth herein.

48.     An actual and substantial controversy exists between CIW and the Town in that CIW has and will suffer from a loss of their constitutional right to freedom of speech as stated herein.  CIW has no adequate remedy at law other than this action.

49.     This case is justiciable now because Palm Beach's enforcement of the Noise, Parade, and Special Events ordinances, and Breach of the Peace and Unlawful Assembly statues, have caused and will continue to cause immediate and concrete injury to CIW by preventing it from exercising its First Amendment right to demonstrate.

13

50.     A declaratory judgment exempting CIW's First Amendment activity from the Town's ordinances and statues is necessary to CIW's exercise of its right to free assembly and speech.

## CAUSES OF ACTION

51.     As to each cause of action delineated below in Count One through Four, Plaintiff advances its constitutional claims against Palm Beach, through the operation of the Fourteenth Amendment.

## COUNT ONE

42 U.S.C. §1983 – Violation of the First Amendment
Town of Palm Beach Code of Ordinance § 42-196, 42-197 (3), (6) & (7)
The Noise Ordinances
(Declaratory & Injunctive Relief)

**Palm Beach Code of Ordinance § 42-196**

52.     Plaintiff repeats and realleges each and every allegation of this complaint as if fully set forth herein.

53.     Palm Beach Ordinance 42-196 is a prior restraint because it is a government action that prohibits speech or expression before it can take place.

54.     Palm Beach Ordinance 42-196 is a content-based speech restriction that prevents CIW, and others similarly situated, from marching and demonstrating in Palm Beach.

55.     Even if Palm Beach Ordinance 42-196 was content-neutral, it would violate the First Amendment because it is not narrowly tailored to advance any substantial government interest and places unbridled discretion in the hands of a government official or agency.

56.     Palm Beach Ordinances 42-196 is unconstitutional on its face, as an impermissibly vague and overbroad prohibition that has a substantial impact on conduct protected by the Due Process Clause of the Fourteenth Amendment.  First, this ordinance fails to

14

provide the kind of notice that enables ordinary citizens and demonstrators to understand what precise conduct it prohibits; and second, it provides Palm Beach with unbridled discriminatory discretion to silence free expression.

**Palm Beach Code of Ordinance § 42-197 (3)**

57.     Plaintiff repeats and realleges each and every allegation of this complaint as if fully set forth herein.

58.     Palm Beach Ordinance 42-197(3) is a prior restraint because it is a government action that prohibits speech or expression before it can take place.

59.     Palm Beach Ordinance 42-197(3) is a content-based speech restriction that prevents CIW, and others similarly situated, from marching and demonstrating in Palm Beach.

60.     Even if Palm Beach Ordinances 42-197(3) was content-neutral, it would violate the First Amendment because it is not narrowly tailored to advance any substantial government interest and places unbridled discretion in the hands of a government official or agency.

61.     Palm Beach Ordinances 42-197(3) is unconstitutional on its face, as an impermissibly vague and overbroad prohibition that has a substantial impact on conduct protected by the Due Process Clause of the Fourteenth Amendment.  First, this ordinance fails to provide the kind of notice that enables ordinary citizens and demonstrators to understand what precise conduct it prohibits; and second, it provides Palm Beach with unbridled discriminatory discretion to silence free expression.

**Palm Beach Code of Ordinance § 42-197 (6) & (7)**

62.     Plaintiff repeats and realleges each and every allegation of this complaint as if fully set forth herein.

63.     Palm Beach Ordinance 42-197(6) and (7) are prior restraints because they are government action that prohibits speech or expression before it can take place.

64.     Palm Beach Ordinance 42-197(6) and (7) are content-based speech restrictions that prevent CIW, and others similarly situated, from marching and demonstrating in Palm Beach.

65.     Even if Palm Beach Ordinances 42-197(6) and (7) were content-neutral, they would violate the First Amendment because they are not narrowly tailored to advance any substantial government interest and place unbridled discretion in the hands of a government official or agency.

66.     Palm Beach Ordinances 42-197(6) and (7) are unconstitutional on their face, as impermissibly vague and overbroad prohibitions that have a substantial impact on conduct protected by the Due Process Clause of the Fourteenth Amendment.  First, this ordinance fails to provide the kind of notice that enables ordinary citizens and demonstrators to understand what precise conduct it prohibits; and second, it provides Palm Beach with unbridled discriminatory discretion to silence free expression.

67.     Unless enjoined by this Court from enforcing Code § 42-196, 42-197 (3), (6) & (7), defendant will continue to infringe plaintiff's constitutionally protected rights and thereby cause irreparable injury, as damages alone cannot fully compensate plaintiff for the ensuing harm.  This threat of injury from continuing violations requires injunctive relief.

### COUNT TWO

42 U.S.C. §1983 – Violation of the First Amendment
Florida State Statutes §§ 870.02 and 877.03
Unlawful Assemblies and Breach of the Peace
(Declaratory & Injunctive Relief)

**Fla. Stat. § 870.02 (Unlawful Assemblies)**

68.     Plaintiff repeats and realleges each and every allegation of this complaint as if fully set forth herein.

69.     Fla. Stat. § 870.02 is a prior restraint because it is a government action that prohibits speech or expression before it can take place.

70.     Fla. Stat. § 870.02 is a content-based speech restriction that prevents CIW, and others similarly situated, from marching and demonstrating in Palm Beach.

71.     Even if Fla. Stat. § 870.02 was content-neutral, it would violate the First Amendment because it is not narrowly tailored to advance any substantial government interest and places unbridled discretion in the hands of a government official or agency.

72.     Fla. Stat. § 870.02 is unconstitutional on its face, as an impermissibly vague and overbroad prohibition that has a substantial impact on conduct protected by the Due Process Clause of the Fourteenth Amendment.  First, this ordinance fails to provide the kind of notice that enables ordinary citizens and demonstrators to understand what precise conduct it prohibits; and second, it provides Palm Beach with unbridled discriminatory discretion to silence free expression.

**Fla. Stat. § 877.33 (Breach of the Peace)**

73.     Plaintiff repeats and realleges each and every allegation of this complaint as if fully set forth herein.

74.     Fla. Stat. § 877.33 is a prior restraint because it is a government action that prohibits speech or expression before it can take place.

75.     Fla. Stat. § 877.33 is a content-based speech restriction that prevents CIW, and others similarly situated, from marching and demonstrating in Palm Beach.

76.     Even if Fla. Stat. § 877.33 was content-neutral, it would violate the First Amendment because it is not narrowly tailored to advance any substantial government interest and places unbridled discretion in the hands of a government official or agency.

77.     Fla. Stat. § 877.33 is unconstitutional on its face, as an impermissibly vague and overbroad prohibition that has a substantial impact on conduct protected by the Due Process Clause of the Fourteenth Amendment.  First, this ordinance fails to provide the kind of notice that enables ordinary citizens and demonstrators to understand what precise conduct it prohibits; and second, it provides Palm Beach with unbridled discriminatory discretion to silence free expression.

78.     Unless enjoined by this Court from enforcing Fla. Stat. §§ 870.02 and 877.03, defendant will continue to infringe plaintiff's constitutionally protected rights and thereby cause irreparable injury, as damages alone cannot fully compensate plaintiff for the ensuing harm. This threat of injury from continuing violations requires injunctive relief.

## COUNT THREE

42 U.S.C. §1983 – Violation of the First Amendment
Town of Palm Beach Code of Ordinance § 106-257(4), (5) & (9)
The Special Events Ordinances
(Declaratory & Injunctive Relief)

1.     Plaintiff repeats and re-alleges each and every allegation of this complaint as if fully set forth herein.

## Prohibition of the use of flags and banners

2.     Palm Beach Ordinance 106-257(4) is a prior restraint that eliminates CIW's ability to freely express protected speech.

3.      Palm Beach Ordinance 106-257(4) is a content-based speech restriction that prevents CIW, and others similarly situated, from marching and demonstrating in the Town of Palm Beach.

4.      Even if Palm Beach Ordinance 106-257(4) were content-neutral, it would violate the First Amendment because it is not narrowly tailored to advance any substantial government interest and places unbridled discretion in the hands of a government official or agency.  It is overly broad, burdening significantly more speech than is necessary to further any government interest.

**Prohibition on the use of a decorated vehicle**

5.      Palm Beach Ordinance 106-257(5) is a prior restraint that eliminates CIW's ability to freely express protected speech.

6.      Palm Beach Ordinance 106-257(5) is a content-based speech restriction that prevents CIW, and others similarly situated, from marching and demonstrating in the Town of Palm Beach.

7.      Even if Palm Beach Ordinance 106-257(5) were content-neutral, it would violate the First Amendment because it is not narrowly tailored to advance any substantial government interest and places unbridled discretion in the hands of a government official or agency.  It is overly broad, burdening significantly more speech than is necessary to further any government interest.

**Special events "catch-all" provision**

8.      Ordinance § 106-257(9), as written, prohibits free expression by again subjecting the protestors to the entire Code of Ordinances, including the noise provisions found in Ordinance Secs. 42-196 and 42-197.

9.      Palm Beach Ordinance 106-257(9) is a prior restraint that eliminates CIW's ability to freely express protected speech.

10.      Palm Beach Ordinance 106-257(9) is a content-based speech restriction that prevents CIW, and others similarly situated, from marching and demonstrating in the Town of Palm Beach.

11.      Even if Palm Beach Ordinance 106-257(9) were content-neutral, it would violate the First Amendment because it is not narrowly tailored to advance any substantial government interest and places unbridled discretion in the hands of a government official or agency.  It is overly broad, burdening significantly more speech than is necessary to further any government interest.

12.      Unless enjoined by this Court from enforcing § 106-257(4), (5) & (9) defendant will continue to infringe plaintiff's constitutionally protected rights and thereby cause irreparable injury, as damages alone cannot fully compensate plaintiff for the ensuing harm.  This threat of injury from continuing violations requires injunctive relief.

## COUNT FOUR

42 U.S.C. §1983 – Violation of the First Amendment
Town of Palm Beach Code of Ordinance § 106-218 (10) – The Parade Ordinance
(Declaratory & Injunctive Relief)

13.      Plaintiff repeats and realleges each and every allegation of this complaint as if fully set forth herein.

14.      Palm Beach Ordinance 106-218 (10) is a prior restraint that, in combination with Palm Beach's refusal to issue a permit to demonstrate or exempt CIW from the various ordinances challenged herein, deprives CIW of its right to freely express protected speech before it can do so.

15.     Palm Beach Ordinance 106-218 (10) is a content-based speech restriction that prevents CIW, and others similarly situated, from marching and demonstrating in Palm Beach.

16.     Even if Palm Beach Ordinance 106-218 (10) were content-neutral, it would violate the First Amendment because it is not narrowly tailored to advance any substantial government interest and places unbridled discretion in the hands of a government official or agency.

17.     Unless enjoined by this Court from enforcing § 106-218 (10), defendant will continue to infringe plaintiff's constitutionally protected rights and thereby cause irreparable injury, as damages alone cannot fully compensate plaintiff for the ensuing harm.  This threat of injury from continuing violations requires injunctive relief.

## **RELIEF SOUGHT**

**WHEREFORE,** Plaintiff CIW seeks judgment against Defendant Palm Beach for the following relief:

1.     A preliminary and permanent injunction, enjoining the Town, its officers, agents and employees from enforcing the challenged ordinances and statutes, or otherwise preventing or hindering CIW's planned demonstration;

2.     For a declaration that the challenged Town ordinances and state statutes, on their face and/or as applied, violate CIW's rights to free speech, assembly, and association;

3.     For compensatory damages, as permitted by law;

4.     For costs of suit pursuit to 42 U.S.C. §1920 and 42 U.S.C. §1988;

5.     For attorneys' fee pursuant to 42 U.S.C. §1988; and

6.      For such other relief as this Court deems just and proper.


Dated:  February 26, 2016


                              By:  _____/s/ *Victoria E. Brieant*_____
                                          Victoria E. Brieant
                                          victoria@brieantlaw.com
                                    Law Office of Victoria E. Brieant
                                    4000 Ponce de Leon Boulevard, Suite 470
                                          Coral Gables, FL 33146
                                          Tel: (305) 421-7200

                                                Jean Kim
                                    jkim@constantinecannon.com
                                          Constantine Cannon, LLP
                                    335 Madison Avenue, 9th Floor
                                          New York, NY 10017
                                          Tel: (212) 350-2700
                                          Fax: (212) 350-2701
                                          (pro hac vice pending)
                                          *Attorneys for Plaintiff*