UNITED STATES DISTRICT COUT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

HONORABLE ROBIN L. ROSENBERG

| | |
|---|---|
| THE COALITION OF IMMOKALEE WORKERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE TOWN OF PALM BEACH, <br><br> Defendant. | Case No.  9:16-cv-80284-RLR <br><br> **CORRECTED PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS BILL OF COSTS** |

Plaintiff The Coalition of Immokalee Workers, Inc. ("CIW") submits this Corrected Memorandum of Law, to correct an error in the last paragraph of page 3, below.  Plaintiff moves pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Local Rule 7.3(c), for an order taxing costs against defendant The Town of Palm Beach and attaches hereto, as Exhibit 1, a bill of costs as required by Section 1920 and Local Rule 7.3(c).  Plaintiff seeks an order taxing costs against defendant in the amount of $5,371.81, as explained below.

Introduction

The Plaintiff sued the Town of Palm Beach for declaratory and injunctive relief relating to CIW's march and rally held March 12, 2016.  The Court entered an Order Granting in Part and Denying in Part Motion for Temporary Restraining Order and Preliminary Injunction (DE 31) ("TRO"), enjoining the Town from applying certain of its

1

Ordinances to CIW's march and rally in a certain manner. Specifically, the Court held that:

> [O]n March 12, 2016, Palm Beach is enjoined from (1) restricting CIW's use of a decorated flatbed truck, driven at a speed of approximately three miles per hour, during its march or rally, and (2) enforcing the 64 decibel restriction on CIW's noise level during its march or rally.

Following a mediation held in July 2016, the parties resolved this matter with entry of a Final Stipulated Consent Judgment making the TRO a Final Judgment to be applied to CIW's marches in the future, with clarifications and modifications to address the Parties' concerns.

## Taxation of Costs

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be awarded to the prevailing party." Though the Rule is couched in precatory terms, "there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007); *accord Smith v. Vaughn*, 171 F.R.D. 323, 326 (M.D. Fla. 1997) ("There is a presumption that prevailing parties will receive costs unless the losing party demonstrates some fault, misconduct, default, or action worthy of penalty on the prevailing side."). Indeed, a "trial court [that] denies the prevailing party its costs . . . *must* give a reason for its denial of costs so that the appellate court may have some basis upon which to determine if the trial court acted within its discretionary power." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (quoting *Gilchrist v. Bolger,* 733 F.2d 1551,

1557 (11th Cir. 1984)) (emphasis added). Thus, the award of costs pursuant to Rule 54(d)(1) is commonly a matter of course.

While Rule 54(d) provides the procedure for the recovery of costs, federal statutes confer the substantive right. Thus, 28 U.S.C. § 1920 provides that a "judge or clerk of any court of the United States may tax as costs the following":

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Here, the CIW has prepared a bill of costs in an aggregate amount of $5,371.81 (Five Thousand Three Hundred Seventy-One Dollars and Eighty-One Cents). *See* Ex. 1. Because the recovery of these expenses is authorized by Section 1920, and because Defendant cannot demonstrate any fault, misconduct, default, or action worthy of penalty on CIW's part, the CIW's request is appropriate and the Court should tax the enumerated costs as a matter of course.

Specific Items of Cost

The CIW respectfully requests that the Court tax the following items of cost specified in Section 1920. Supporting documentation is attached to the Bill of Cost as Exhibits A, B, C, and D to the Bill of Costs.

A. Fees of the Clerk.

Pursuant to Section 1920(1), the CIW seeks to recover fees paid to the Clerk in the amount of $400.00 for the filing fee the accompanied the filing of the complaint (Exhibit A, hereto), $150 in fees paid to the clerk in connection with the *pro hac vice* applications of the CIW's lead counsel Jean Kim and Robert Begleiter (Exhibit B, hereto), and $110 for the fee for the process server to serve the original summons and complaint (Exhibit C, hereto). Copies of the receipts for these payments are attached to the Bill of Costs.

B. Other Costs.

In addition, the CIW seeks $4,711.81 in counsel travel expenses incurred in connection with the case. Lead counsel, Jean Kim, traveled from her home and office in New York City to West Palm Beach on three occasions for necessary work on this case. The first trip was in March 2016 for the evidentiary hearing on Plaintiff's motion for a temporary restraining order and preliminary injunction. The second trip was in June 2016 for the status conference. The third trip was in July 2016 for the mediation that resulted in settling the matter. While the propriety of taxing travel has been disputed, *see*, *e.g.*, *Coss v. Sunbelt Rentals, Inc.*, Case No. 8:03-cv-129-T-30EAJ, 2005 U.S. Dist. LEXIS 34324 (M.D. Fla. Aug. 30, 2005), the Eleventh Circuit has held that "travel expenses are

appropriate expenses under § 1920 to the extent they are reasonable." *Cullens v. Georgia Dep't of Transportation*, 29 F.3d 1489, 1494 (11th Cir. 1994); *accord Price v. United Technologies Corp.*, No. 99-8152-CIV, 2001 WL 36085163, *3 (S.D. Fla. July 27, 2001). Each of the trips identified by the CIW was reasonable, since all three involved travel to Miami to attend court proceedings. An itemized list of these expenses is attached to the Bill of costs and copies of the supporting receipts are attached as Exhibit D to the Bill of Costs.

Certification of Conference With Opposing Counsel

Counsel for the CIW conferred with defendant's counsel in an effort to resolve the request for fees. The parties were unable to reach agreement.

**WHEREFORE**, the CIW respectfully seeks entry of an order awarding it costs of $5,371,81.

Respectfully submitted, this 21st day of September, 2016.

Respectfully submitted,

By: */s/ Victoria E. Brieant, Esq.*

Victoria E. Brieant (FL. Bar # 632961
Email: victoria@brieantlaw.com
Law Office of Victoria E. Brieant
4000 Ponce de Leon Boulevard, Suite 470
Coral Gables, FL 33146
Tel: (305) 421-7200

Jean Kim
Email: jkim@constantinecannon.com
Robert L. Begleiter
Email: rbegleighter@constantinecannon.com
Constantine Cannon LLP

335 Madison Avenue, FL 9
New York, NY 10017
Tel: (212) 350-2700 / Fax: (212)350.2701

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2016, I will electronically file the foregoing **CORRECTED PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS BILL OF COSTS** with the Clerk of the Court using the CM/ECF system, which will then send a Notification of Filing (NEF) to all counsel of record at the addresses below:

Jean Kim at jkim@constantinecannon.com

Robert Begleiter at rbegleiter@constantinecannon.com

Margaret Leslie Cooper at mcooper@jones-foster.com, aferrara@jonesfoster.com

James C. Randolph at jrandolph@jonesfoster.com.

By: /s/ Victoria E. Brieant