# UNITED STATES DISTRICT COUT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM DIVISION

## THE HONORABLE ROBIN L. ROSENBERG

| | |
|---|---|
| THE COALITION OF IMMOKALEE WORKERS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE TOWN OF PALM BEACH,<br><br>Defendant. | Case No.  9:16-cv-80284 (RLR) (DLB)<br><br>**PLAINTIFF'S FINAL AND SUPPLEMENTAL MOTION FOR AN AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 1988**<br><br>**Hearing: November 14, 2016, 10:00 a.m.**<br>**Hon. Dave Lee Brannon**<br>**Courtroom: 3** |

Pursuant to 42 U.S.C. § 1988 and Local Rule 7.3, and following this Court's Order [ECF 95], plaintiff The Coalition of Immokalee Workers, Inc., respectfully moves this Court for an award of attorneys' fees and expenses.   This motion and memorandum is intended to supplement and incorporate plaintiff's previously-filed motion [ECF 45]. This motion is supported by the Declarations of Jean Kim, Victoria E. Brieant, and Sanford Bohrer.  CIW also has retained a prominent local expert, Sanford Bohrer, who has provided his opinion regarding the reasonableness of Plaintiff's fee request.   CIW's motion is supported by detailed attorney time and expense records and provides the basis for an award reflecting CIW's success under serious time constraints and the significance of the relief that enabled the exercise of CIW and its 500 marchers' First Amendment rights. An award based on the following hours and rates is reasonable under the circumstances and applicable law:

1

354668.1

|  | Hours | Rates | Total Sought in Motion for Fee Award |
|---|---|---|---|
| Jean Kim | 225.75 | $625 | **$141,094** |
| Robert Begleiter | 49.4 | $750 | **$37,050** |
| Victoria Brieant | 119.76 | $515 | **$61,674** |
| Matthew Vaccaro | 113.45 | $310 | **$35,169** |
| Paralegal | 32.75 | $250 | **$8,188** |
| Expenses |  |  | **$9,074** |
| Total |  |  | **$292,249** |

Plaintiff seeks such other and further relief as this Court deems necessary and proper.

Respectfully submitted, this 6th day of October, 2016.

Respectfully submitted,

By: */s/ Victoria E. Brieant, Esq.*
Victoria E. Brieant (FL. Bar # 6132961)
Email: victoria@brieantlaw.com
Law Office of Victoria E. Brieant
4000 Ponce de Leon Boulevard, Suite 470
Coral Gables, FL 33146
Tel: (305) 421-7200

Jean Kim (*admitted pro hac vice*)
Email: jkim@constantinecannon.com
Robert L. Begleiter (*admitted pro hac vice*)
Email: rbegleighter@constantinecannon.com
Constantine Cannon LLP
335 Madison Avenue, FL 9
New York, NY 10017
Tel: (212) 350-2700 / Fax: (212)350.2701

*Attorneys for Plaintiff*

2

# UNITED STATES DISTRICT COUT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM DIVISION

## THE HONORABLE ROBIN L. ROSENBERG

THE COALITION OF IMMOKALEE
WORKERS, INC.,

                Plaintiff,

    v.

THE TOWN OF PALM BEACH,

              Defendants.

**CASE NO.  9:16-cv-80284 (RLR)(DLB)**

**Hearing: November 14, 2016, 10:00 a.m.**
**Hon. Dave Lee Brannon**
**Courtroom: 3**

## PLAINTIFF'S FINAL AND SUPPLEMENTAL MEMORANDUM OF LAW
## FOR AN AWARD OF ATTORNEY'S FEES

Victoria E. Brieant
victoria@brieantlaw.com
Law Office of Victoria E. Brieant
4000 Ponce de Leon Boulevard, Suite 470
Coral Gables, FL 33146
Tel: (305) 421-7200

Jean Kim
jkim@constantinecannon.com
Constantine Cannon LLP
335 Madison Avenue, FL 9
New York, NY  10017
Tel: (212) 350-2700
Fax: (212)350-2701
(*pro hac vice* pending)

*Attorneys for Plaintiff*

354571.1

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ........................................................................................................... 1

BACKGROUND AND PROCEDURAL HISTORY .................................................... 2

ARGUMENT ................................................................................................................ 5

      A.     The CIW is the Prevailing Party Under § 1998 ...................................... 5

      B.     The "Lodestar" ........................................................................................ 7

            1.      Plaintiff's Attorneys' Hourly Rates Are Reasonable ................................. 8

      C.     Adjustment to the "Lodestar" ............................................................... 12

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S FEES ARE WITHOUT MERIT .............. 14

      A.     CIW's Choice of Counsel Was Reasonable ......................................... 14

      B.     Plaintiff's Fees Should Not Be Limited By Defense Counsel's Special Fee Arrangement .............................................................. 15

      C.     Defendant's Expert's Opinion Is Defective And Should Be Disregarded ........... 16

      D.     Plaintiff's Expenses Incurred In Pursuing This Action Should Be Reimbursed As Part Of Any Award of Attorney's Fees ....................................... 17

      E.     Defendants' Offer of Judgement Is Calculated To Prevent Any Recovery .......... 18

CERTIFICATION OF CONFERENCE WITH OPPOSING COUNSEL .................................. 19

VERIFICATION ........................................................................................................ 19

CONCLUSION .......................................................................................................... 19

354571.1

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                              Page(s)

*ACLU v. Barnes*,
   168 F.3d 423 (11th Cir. 1999) ................................................................. 8, 9, 10

*Blum v. Stenson*,
   465 U.S. 886 (1984) ............................................................................... 5, 8

*Buckhannon Bd. & Care Home v. W. Va. Dep't of Health and Human Res.*,
   532 U.S. 598 (2001) ................................................................................... 7

*Carr v. Deeds*,
   453 F.3d 593 (4th Cir. 2006) ................................................................... 17

*Common Cause/Ga. v. Billups*,
   554 F.3d 1340 (11th Cir. 2009) ................................................................. 6

*Cuban Museum of Arts & Culture, Inc. v. Miami*,
   771 F. Supp. 1190 (S.D. Fla. 1991) .......................................................... 8

*Cullen v. Ga. Dep't of* Transp.,
   29 F.3d 1489 (11th Cir. 1994) ....................................................................8

*Dillard v. City of Greensboro*,
   213 F.3d 1347 (11th Cir. 2000) ................................................................. 5

*Dowdell v. Apopka*,
   698 F.2d 1181 (11th Cir. 1983) ................................................... 12, 14, 18

*Evans v. Books-A-Million*,
   762 F.3d 1288 (11th Cir. 2014) ...............................................................18

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ....................................................................... *passim*

*In re Visa Check/Mastermoney Antitrust Litig.*,
   297 F. Supp. 2d 503 (E.D.N.Y. 2003) ..................................................... 10

*Lattimore v. Oman Constr.*,
   795 F.2d 930 (11th Cir. 1986) ................................................................... 8

*Norman v. Hous. Auth. of Montgomery*,
   836 F.2d 1292 (11th Cir. 1988) ................................................... 7-8, 8, 11

*Pa. v. Del. Valley Citizens' Council for Clean Air*,
   478 U.S. 546 (1986) ......................................................................... 12, 14

*Rogers Group, Inc. v. City of Fayetteville*,
   683 F.3d 903 (8th Cir. 2012) ..................................................................... 6

*Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*,
   353 F.3d 901 (11th Cir. 2003) ................................................................ 5-6

*Taylor v. Ft. Lauderdale*,
   810 F.2d 1551 (11th Cir. 1987) .............................................................. 6, 7

354571.1

*Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*,
   489 U.S. 782 (1989) ........................................................................................ 7

*West et al v. Examsoft Worldwide Inc.*,
   No. 14-cv-22950-UU (S.D. Fla. Oct. 9, 2015) ........................................................8

**Federal Rules**

Fed. R. Civ. P. 26(a)(2)(B) ........................................................................................ 16

Fed. R. Civ. P. 37(c)(1) ........................................................................................... 17

28 U.S.C. § 1920 (2012) .......................................................................................... 17

28 U.S.C. § 1988 (2012) ..................................................................................... 17, 18, 19

**Statutes**

42 U.S.C. § 1988 (2012) ..................................................................................... *passim*

42 U.S.C. §§ 106-218(10) (2012) ............................................................................. 2, 3, 4

42 U.S.C. §§ 106-257(5) (2012) ............................................................................... 2, 3, 4

42 U.S.C. §§ 42-196, 42-226, 42-227, 42-228 (2012) ........................................... 2, 3, 4

42 U.S.C. §§ 106-257(9) (2012) ............................................................................... 2, 3, 4

42 U.S.C. § 1983 (2012) ............................................................................................. 3

42 U.S.C. §§ 42-196, 42-197 (2012) ........................................................................ 3, 4

42 U.S.C. §§ 42-226, 42-227, 42-228 (2012) ......................................................... 3, 4

354571.1

Plaintiff The Coalition of Immokalee Workers, Inc. ("CIW") submits its final and amended motion and supporting memorandum of law for an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.  This motion and memorandum is intended to supplement, restate, and incorporate plaintiff's previously-filed motion.  [ECF Nos. 45 and 75.]  This motion is supported by the Declarations of Jean Kim (lead counsel), Victoria E. Brieant (local counsel), Steve Hitov (general counsel for plaintiff), and Claire Comiskey (client representative).[1]  For this motion, CIW has retained a prominent First Amendment practitioner, Sanford Bohrer, a partner at Holland & Knight's Miami office, to serve as plaintiff's fee expert.  Mr. Bohrer submits his declaration in support of plaintiff's final fee motion herewith.

## INTRODUCTION

CIW sued the Town of Palm Beach (the "Town" or "Palm Beach") for declaratory and injunctive relief to allow the exercise of its First Amendment rights to free speech and public assembly in a march and rally scheduled for March 12, 2016.  CIW's march and rally in Palm Beach was the culmination of its 2016 Workers' Voice Tour, a multiple-city demonstration including cities in New York, Ohio, Kentucky and Florida.  Approximately 500 marchers were scheduled to participate.  This was the first time in over ten years of conducting peaceful protests across the United States, that the CIW was forced to file suit to be allowed to march.

After full briefing of CIW's motion for TRO/preliminary injunction and a 5-hour evidentiary hearing, the Court entered an Order on March 11, 2016 (the "Order") enjoining the

---

[1] References to "Kim Decl." are to the Declaration of Jean Kim, dated October 6, 2016, submitted herewith.  References to "Brieant Decl." are to the Declaration of Victoria E. Brieant, dated October 6, 2016, submitted herewith.  References to "Hitov Decl." are to the Declaration of Steve Hitov, dated March 1, 2016.  [ECF No.11-12.]  References to "Comiskey Decl." are to the Declaration of Claire Comiskey, dated March 1, 2016.  [ECF No.11-4.]

Town from applying certain of its Ordinances to CIW's march and rally.  [ECF No. 31.]

Specifically, the Court held that:

> (2) Palm Beach is **ENJOINED** from enforcing § 106-218(10) or § 106-257(5) to restrict CIW's use of a decorated flatbed truck, driven at a speed of three miles per hour, during CIW's march or rally on March 12, 2016.  (3) Palm Beach is further **ENJOINED** from enforcing §§ 42-196, 42-226, 42-227, and 42-228 to enforce a 64 decibel restriction on CIW's noise level during the march and rally on March 12, 2016.  (4) Palm Beach is further **ENJOINED** from enforcing any of the above-enjoined ordinances or restrictions against CIW through § 106-257(9).

Order at 23 (emphasis in original).

With the protection afforded by the Court's Order, CIW marched without incident on March 12, 2016.  Subsequently, the parties participated in a mediation held in July 2016 and resolved this matter with entry of a Modified Final Consent Judgment.  [ECF No. 86.]  The Consent Judgment made the Order a Final Judgment to be applied to CIW's marches in the future, with clarifications and modifications to address the parties' remaining concerns.

42 U.S.C. § 1988 effectuates Congress's intent to secure to persons seeking to protect their civil rights ready access to counsel, and incentivizes counsel to take on cases that further Congress's goal of enforcing this country's civil rights laws.  Having won its preliminary injunction, and having preserved its prevailing party status in the Final Consent Judgment, CIW now moves pursuant to § 1988 to recover all fees and expenses incurred in securing its First Amendment rights.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 5, 2016, CIW's Claire Comiskey first contacted The Town of Palm Beach ("Palm Beach") to obtain permission to conduct its March 12, 2016, demonstration and march.  Comiskey Decl. ¶12.  When Ms. Comiskey's initial negotiations with the Palm Beach Police Department were unsuccessful, CIW's general counsel, Steven Hitov,

354571.1

thereafter negotiated with the Town's counsel, John C. Randolph, in an effort to come to a compromise that would allow CIW to conduct its demonstration.  Hitov Decl. ¶¶2-9. Those negotiations ended in impasse on February 26, 2016, just two weeks prior to CIW's scheduled demonstration.  Hitov Decl. ¶¶9-10.  CIW filed its complaint against Palm Beach that same day.  [ECF No. 1.]

CIW asserted 42 U.S.C. § 1983 claims challenging, as applied and on their face, Palm Beach's antiquated scheme of ordinances which barred key aspects of CIW's March 12 demonstration.  Shortly thereafter, on March 3, 2016, CIW filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion," ECF No. 8) challenging Palm Beach's application and interpretation of its Code of Ordinances (the "Code") to bar CIW's demonstration.  CIW also mounted a facial challenge to §§ 42-196 and 42-197 (together, the "Noise Ordinances"); 106-218 (the "Parade Ordinance"); and 106-257 (the "Special Events Ordinance") of the Code as overbroad, vague and not narrowly tailored to achieve a significant Town interest.  At issue were the Noise Ordinances that Palm Beach contended, for the first time during briefing on CIW's Motion, were modified by §§ 42-226, 42-227, and 42-228 (collectively, the "Decibel Ordinances") to bar sound above 64 decibels; the Special Events Ordinance that barred the use of a decorated flatbed truck; the Parade Ordinance that barred CIW from marching on public streets; and a "catch-all" provision (§ 106-257(9)) which subjected CIW's demonstration to the entirety of the Code.

Upon full briefing of CIW's emergency motion, the Court held a 5-hour evidentiary hearing on March 9, 2016.  [ECF No. 30.]  The Court heard testimony from three Town witnesses – Deputy Chief of Police, Daniel Szarszewski, Town counsel, John C. Randolph, and Adam B. Kerr, the Town's proposed traffic expert.  The Court also heard from CIW's Claire

3

Comiskey, who initially negotiated with the Town and testified to the logistics, features and purpose of CIW's demonstration.  The Court also posed extensive questions during the hearing and heard oral argument from both parties.  On March 11, 2016, the Court issued a 24-page Order, substantially granting plaintiff's motion for a TRO and Preliminary Injunction.  [ECF No. 31.]  The Court on March 11, 2016 issued a preliminary injunction enjoining Palm Beach from: (1) Restricting CIW's use of a decorated flatbed truck, driven at a speed of approximately three miles per hour, during its march or rally on March 12, 2016 (§ 106-218(10) or § 106-257(5)); (2) Enforcing a 64 decibel restriction on CIW's noise level during its march or rally on March 12, 2016 (§§ 42-196, 42-226, 42-227, and 42-228); and (3) Enforcing any of the above-enjoined ordinances or restrictions at the rally through§106-257(9).  [ECF No. 31 at 22.]

The Court's Order granted CIW all of its requested relief with the exception of CIW's challenge to the Town's barring CIW from marching in its streets.  For each successful claim, the Court held that CIW was likely to suffer irreparable harm if Palm Beach was not enjoined.  [ECF No. 31 at 21.]  The Court also concluded that CIW would likely succeed on the merits of these claims.  [ECF No. 31 at 15, 20-21.]  The CIW's protest march was held on March 12, 2016, without incident.

In accordance with L.R. 7.3, on May 10, 2016, plaintiff timely filed its motion for an interim award of attorneys' fees pursuant to 42 U.S.C. § 1988.  [ECF No. 45.]  Defendant filed an opposition on June 17, 2016 [ECF No. 62] and plaintiff filed its reply on June 30, 2016.  [ECF No. 75.]  Plaintiff's interim fee motion was referred to Judge Dave Lee Brannon.  [ECF No. 54.]  The posture of the case changed after the Consent Judgment was entered on August 25, 2016, and Plaintiff now seeks to submit a single, consolidated motion for the award of attorney's fees.

4

Following its march and rally, plaintiff attempted unsuccessfully to settle the matter. Brieant Decl. ¶7.  The parties filed a joint status report on March 18, 2016.  [ECF No. 35.]  On June 2, 2016, a status conference was held before the Honorable Robin L. Rosenberg, for which counsel attended in person.  [ECF No. 59.]  This matter was referred to Magistrate Judge William Matthewman for settlement conference.  [ECF No. 55.]  A settlement conference was held on July 16, 2016 [ECF No. 78] and the parties reached agreement on the terms of a Consent Judgment.  The parties began preparing for the settlement conference well before the hearing, including drafting a proposed form of Stipulated Final Judgment to improve the likelihood of settlement.  Brieant Decl. ¶7.  The Defendant presented the Final Stipulated Judgment to the Town Council for approval on August 16, 2016.  A Modified Consent Final Judgment was entered by the Court on August 25, 2016.  [ECF No. 86.]

## ARGUMENT

The Eleventh Circuit has adopted a three-pronged approach to assessing a plaintiff's fee application under 42 U.S.C. § 1988.  *Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000).  The threshold issue is whether the plaintiff qualifies as a "prevailing party" within the meaning of the statute.  The second step requires the court to calculate the "lodestar" by multiplying the reasonable hourly rate times the number of hours reasonably expended on the litigation.  *Blum v. Stenson*, 465 U.S. 886 (1984).  Third, the court must determine whether an adjustment to the "lodestar" is necessary "to account for other considerations that have not yet figured in the computation, the most important being the relation of the results obtained to the work done."  *Dillard*, 213 F.3d at 1353 (*citing Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

354571.1

### A.      The CIW is the Prevailing Party Under § 1998

The standard for obtaining prevailing party status is that plaintiff obtain "at least some relief on the merits of [its] claim" or that a court's order effect a "change in the legal relationship of the parties." *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003)(internal quotations and citations omitted).  The CIW is the prevailing because the Order [ECF No. 31] and Stipulated Final Judgment [ECF No. 86] ensured, respectively, that the plaintiff was able to exercise its First Amendment rights in its 2016 march and will be able to do so in future marches.  Without the Court's preliminary injunction, the CIW's demonstration in Palm Beach would have been shut down by law enforcement or have led to citations and fines for the 500 supporters of human rights for Florida's farm workers who marched.  CIW obtained significant relief on the merits that changed the legal relationship between the parties, *i.e.*, Palm Beach was barred from enforcing its ordinances to muzzle 500 demonstrators and prevent the use of CIW's flatbed truck to guide marchers, display signs and banners, and convey amplifiers and protestors for CIW's 2016 march, and will be barred from doing so in future marches.

The Eleventh Circuit has confirmed that "a preliminary injunction is a material alteration of the legal relationship of the parties" so as to confer prevailing party status.  *Common Cause/Ga. v. Billups*, 554 F.3d 1340, 1356 (11th Cir. 2009)(enjoining the State of Georgia from enforcing the voter identification statute)(internal quotations omittied).  Preliminary injunctions that bar the enforcement of challenged laws qualify the party obtaining the injunction as a prevailing party.  *Taylor v. Ft. Lauderdale*, 810 F.2d 1551, 1560 (11th Cir. 1987)(preliminary injunction enjoining enforcement of solicitation law conferred prevailing party status); *Rogers Grp., Inc. v. City of Fayetteville*, 683 F.3d 903, 910 (8th Cir. 2012)(preliminary injunction enjoining enforcement of licensing ordinance conferred prevailing party status).

Even though CIW did not obtain the relief sought to march on streets as opposed to sidewalks, the Supreme Court has held that a plaintiff need not win every single issue or even the "central issue" in order to obtain "prevailing party" status.[2] *Tex. State Teachers Ass'n. v. Garland Sch. Dist.*, 489 U.S. 782, 791-92 (1989).  Instead, as here, the prevailing party is entitled to fees when it has "achieve[d] some of the benefit the parties sought in bringing suit."  *Hensley*, 461 U.S. at 433.  CIW achieved the core relief it sought: the ability to be heard and otherwise effectively convey its message during its March 12, 2016, demonstration and future marches. The Eleventh Circuit has held "a preliminary injunction on the merits, as opposed to a merely temporary order which decides no substantive issues but merely maintains the status quo, entitles one to prevailing party status and an award of attorney's fees."  *Taylor,* 810 F.2d at 1558.

The Court's Consent Judgement [ECF. No. 86] preserved and further solidified CIW's prevailing party status.  It provided that the injunctive relief in the Court's Order be extended to future CIW marches: "[the Order, as modified,] is hereby made  Final and Permanent Judgment and Injunction, which shall apply to future marches and rallies planned by CIW in the Town of Palm Beach."  [ECF. No. 86.]  *See Buckhannon Bd. & Care Home v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603-605 (2001) ("court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees") (internal citations omitted).  Accordingly, the CIW is entitled to a finding that it is the prevailing party for purposes of awarding reasonable attorneys' fees and costs under § 1988.

---

[2]  CIW partially prevailed on the issue of using the streets for its march. While the Court determined that the marchers could be restricted to the sidewalk, it specifically enjoined the Town's restriction on the use of a decorated vehicle with sound, which functioned to keep marchers and their message cohesive.  The same legal analysis weighing the Town's interest in keeping traffic clear against CIW's right to engage in expressive activity applied to both.

354571.1

**B.** **The "Lodestar"**

The Eleventh Circuit and this district have adopted the "lodestar" method in determining reasonable attorney's fees. *See, e.g., Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).[3]  The "lodestar" calculation is achieved by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.  *Hensley*, 461 U.S. at 433; *Blum,* 465 U.S. at 888; *Norman*, 836 F.2d at 1299.  The resulting "lodestar" calculation is "presumed to be the reasonable fee."  *Id.* at 897.

1.   Plaintiff's Attorneys' Hourly Rates Are Reasonable

The first component of the lodestar calculation is the hourly rate.  The CIW seeks the following hourly rates: Attorney Jean Kim at $625 per hour; Attorney Robert Begleiter at $750 per hour; Attorney Victoria Brieant at $515 per hour; Attorney Matthew Vaccaro at $310 per hour; and Paralegal Kevin Morrison at $250 per hour.  Generally, "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'"  *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).  "[F]ee rates vary from lawyer to lawyer, case to case, and client to client" and "the best information available to the court is usually a range of fees set by the market place."  *Norman*, 836 F.2d at 1300-01.

In a recent decision, *West et al. v. Examsoft Worldwide Inc.,* No. 14-cv-22950-UU (S.D. Fla. Oct. 9, 2015), Judge Scola found that rates as high as $900 were reasonable in light of the experience and performance of counsel.  Kim Decl. Exs. C and D.  Consistent with *West*, a recent survey of the billing rate in the Southern District found a range of $500 - $900 an hour Brieant Decl. Ex. B.  The rates charged by CIW's counsel in this case are within the range

---

[3] See also *Lattimore v. Oman Constr.*, 795 F.2d 930, 931 (11th Cir. 1986); *Cuban Museum of Arts & Culture Inc. v. City of Miami*, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991).

354571.1

provided in the Daily Business Review article, dated October 5, 2015, surveying lawyer compensation in South Florida.  *Id.*

Attorneys in this district charge rates at or above those requested by Constantine Cannon and Victoria Brieant.  As detailed herein, the rates requested are reasonable in comparison to those being charged in this district.  *See* Bohrer Decl. ¶¶16 and 19.  Plaintiff's fee expert, Mr. Bohrer, opined that his hourly rate is $760, Constantine Cannon's rates are below market for New York, and the hourly rates for plaintiff's counsel "are within market rates charged in this jurisdiction."  *Id.* ¶16.

The Eleventh Circuit has made it clear that out-of-market counsel are entitled to their higher-rate market fees if their representation is more efficient than hiring in-market counsel.  *In re ACLU*, 168 F.3d at 438, the Court noted:

> there might be a case where use of an attorney from a higher-rate market who had extensive prior experience with a particular factual situation could be justified because of efficiencies resulting from that prior experience.  That could be reasonable and cost- sensible, especially if it resulted in lower costs than would otherwise be necessary.

Constantine Cannon has been CIW's legal counsel since April 2015 and has successfully represented CIW in prior Florida litigation involving preliminary injunction proceedings.  Kim Decl. ¶13.  Victoria Brieant has represented the CIW continuously since December 2009 and served as Constantine Cannon's local counsel in its representation of CIW.  Brieant Decl. ¶6, 8. During these prior representations, counsel gained valuable experience and insight into CIW and its work, including the nature and complexities of a CIW demonstration.  Kim Decl. ¶13; Brieant Decl. ¶6.

Plaintiff should not be penalized for retaining a New York firm when the very reason Constantine Cannon was retained was its "extensive prior experience with a particular factual

situation" and the "efficiencies resulting from that prior experience." *ACLU*, 168 F.3d at 438.

This is particularly the case in this matter given the exigency of time between reaching impasse

on negotiations with Palm Beach in late February and the March 12 demonstration.  There

simply was not time for CIW to vet, retain and educate a new firm to prepare and file an action

and motion.  Mr. Bohrer's opinion concurs:

> 11.   At the outset, one issue I looked at was the selection of counsel.  One could, as Defendant and its expert do, attack the selection of "New York" counsel, and argue there are local lawyers who could have handled this case.  Certainly there are local lawyers and law firms, myself and my firm included, who are capable of handling a matter like this.  However, in the circumstances of this case, there simply was not time to interview law firms, consider the different propositions from the firms, and negotiate an agreement to have the work done on a pro bono or some reduced fee basis. * * * Plaintiff's choice of counsel that was already familiar with it and which was willing to litigate without payment of legal fees while relying on their right to recover fees under the Civil Rights statute and their right to prevail, was the logical and reasonable one.  In the circumstances, hiring a sole practitioner who had no prior relationship with Plaintiff, like James Kellogg Green, as Plaintiff's expert suggested, or Bruce Rogow, also as suggested by Plaintiff's expert, who is an appellate lawyer, was not viable.

Bohrer Decl. ¶11.

In addition to efficiencies, plaintiff's counsel had the skills and experience to warrant

their rates.  Constantine Cannon is a premier full-service litigation firm which has secured

landmark decisions in a variety of practice areas.  Its reputation in federal civil practice has

earned it an impeccable reputation for excellence and the praise of District Court Judge John

Gleeson of the Eastern District of New York:

> [Constantine Cannon] is a premiere plaintiffs' litigation firm, specializing in antitrust litigation particularly and complex commercial litigation generally. Its work is uniformly excellent, and thus it is no surprise that it has led the effort that produced the largest antitrust settlement ever.

Kim Decl. Ex. B (*In re Visa Check/MasterMoney Antitrust Litigation*, 297 F. Supp. 2d 503, 524

(E.D.N.Y. 2003), *aff'd*, 396 F.3d 96 (2d Cir. 2005)).

354571.1

Lead Counsel in this matter, Jean Kim, is a partner at Constantine Cannon, has practiced law for sixteen years, and has litigated numerous federal cases, including preliminary injunction proceedings and trials, throughout the country and in Florida.  Kim Decl. ¶4.  Ms. Kim has experience in First Amendment law, and recently litigated a First Amendment case through a month-long federal trial to jury verdict.  *Id.*  Robert Begleiter, a founding partner of Constantine Cannon, has been in practice for over forty years.  He headed the United States Attorney's Office, Civil Division, of the Eastern District of New York for almost ten years and has litigated and tried numerous cases across the country.  [ECF. No. 45-2 ¶3.]  Matthew Vaccaro, is a junior associate at Constantine Cannon and worked with Ms. Kim in researching and preparing briefing and supporting papers.  Kim Decl. ¶8.  Victoria Brieant, local Florida counsel in this matter, is an experienced and skilled litigator.  During her 34 years of practicing law, she has amassed extensive litigation experience in the areas of commercial litigation and civil and human rights.  Brieant Decl. ¶4.  She is AV- rated by Martindale Hubbell and has tried jury and non-jury matters in Florida, California, and New York.  She has also argued in the 11th and 9th Circuit Courts of Appeals.  Brieant Decl. ¶5.

"It is the job of the district court in a given case to interpolate the reasonable rate based on an analysis of the skills . . . exhibited by the attorney in the case at bar."  *Norman*, 836 F.2d at 1301.  Given the extreme time constraints and complexity of the issues at hand, CIW counsel's performance in this matter warrants the requested billing rate.  The time between filing the Complaint in this action and obtaining the preliminary injunction was a mere two weeks.  This successful outcome could not have been achieved without the diligence, skill and experience of CIW's counsel and the Court's expeditious ruling on CIW's Motion.

11

Given the depth of counsel's experience with CIW, the complexity of the federal questions at hand, and the expedited nature of the proceedings, the hourly rates requested here are reasonable. Based on the foregoing, CIW seeks the following reasonable hourly rates: Attorney Jean Kim at $625 per hour; Attorney Robert Begleiter at $750 per hour; Attorney Victoria Brieant at $515 per hour; Attorney Matthew Vaccaro at $310 per hour; and Paralegal Kevin Morrison at $250 per hour.

**C.      Adjustment to the "Lodestar"**

The second component of the lodestar calculation requires a determination of the amount of hours reasonably expended by counsel. This amount of hours must be reasonable, "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561 (1986) (quotations omitted). "[T]he standard of reasonableness is to be given a liberal interpretation" under § 1988. *Dowdell v. Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435.

Mr. Bohrer's expert opinion should assist the Court on the issue of adjustments to the "lodestar." Mr. Bohrer opines:

> 12.      In addition to reviewing the entire court file, I reviewed all of the billing records of Constantine Cannon and local counsel, Victoria Brieant, which Plaintiff has already provided, or with respect to time spent on this matter since the interim fee request, will provide herewith, to the Court. In my experience, reviewing the work done on a day to day basis in the context of what was happening in the lawsuit gives one a better idea of what was or was not reasonable. In my opinion, once one has the opportunity to review those records in the context of what was happening, one can best evaluate the reasonableness of the fees being sought.
>
> 13.      My review of the records indicates that one could reasonably reduce the number of hours here and there, for example where a partner spent a full day on a document. Accordingly, plaintiff has proposed to reduce such hours spent on

12

drafting the Complaint and TRO/preliminary injunction motion papers for its lead partner, Ms. Kim, by 25 percent.  Particularly with such a reduction, the time spent on this matter by Plaintiff's counsel was reasonable.

****

15.     It appears to me that at all times during this litigation, Ms. Kim delegated tasks to the attorneys on this matter who were most qualified and appropriate to execute each task efficiently.  For example, for most of the time leading up to the March 9 hearing, she and Mr. Vaccaro predominately worked on the matter, but once the March 9 hearing was scheduled, she involved other lawyers for specific tasks for which Ms. Kim determined they were more appropriate.

****

17.     The time spent preparing the complaint and motion papers appears reasonable to me.  When one looks at the work that was done, which includes both factual and legal research and by necessity requires considering alternative theories for claims as well as anticipating defenses, the lawyers' time was reasonable.  That does not mean it would not also be reasonable to have spent less – or more – time.  It means that in these circumstances, with the deadline for the march looming, the time spent by these lawyers in this case was reasonable.

18.     The time spent in preparing for and attending the hearing was reasonable.  For a hearing that lasted approximately five hours, and reasonably could have been expected to last longer, involving relatively complex legal issues, a request for extraordinary relief, and four witnesses, I would expect to spend three or four days of time preparing for myself, with a similar amount of time for one associate.  Thus, I would have expected Constantine Cannon to have billed in the range of 50-60 hours.  That it spent 67 hours, and included three lawyers for this, which amounted to a final hearing to determine its client's constitutional rights, does not surprise me.  The preliminary injunction entered by the Court was itself 24 pages, and it confirms the number and complexity of the issues and the critical nature of the task at hand for Plaintiff's counsel.

19.     Plaintiff has requested compensation for the following hours at Constantine Cannon and Victoria Brieant's customary rates and I am of the opinion the Court should award them as requested.

Bohrer Decl.¶¶ 12, 13, 15, 17-19.  Plaintiff seeks the following compensation.

|  | Hours | Actual Rates | Total Sought in Motion for Fee Award |
|---|---|---|---|
| Jean Kim | 225.75* | $625 | **$141,094** |
| Robert Begleiter | 49.4 | $750 | **$37,050** |
| Victoria Brieant | 119.76 | $515 | **$61,674** |
| Matthew Vaccaro | 113.45 | $310 | **$35,169** |

13

| Paralegal | 32.75 | $250 | **$8,188** |
| Expenses | | | **$9,074** |
| Total | | | **$292,249** |

    \*   Reflects a 25% reduction, of approximately 30 hours, on time spent on the Complaint and TRO/preliminary injunction motion papers.

This chart supplements the chart in Mr. Bohrer's Declaration with time and expenses accrued in connection with the July 15, 2016 settlement conference and the Final Consent Judgement, which time was not included in the records reviewed by Mr. Bohrer.

    Given the difficult and substantial work CIW's counsel devoted to obtaining injunctive relief, and the significant relief CIW won, not for just the 500 demonstrators who marched in Palm Beach on March 12, 2016, but for all persons who subsequently wish to engage in expressive activity there, the requested award is reasonable.  *Dowdell*, 698 F.2d at 1189-90 ("The standard of reasonableness is governed by the economic realities of civil rights litigation" and "Counsel for prevailing parties should be paid, as is traditional with attorneys compensated by a fee-paying client, for all time reasonably expended on a matter.").  As explained by Ms. Kim (Kim Decl.¶11), each hour was spent on activities "necessary to secure the final result obtained from the litigation." *Del. Valley Citizens' Council for Clean Air*, 478 U.S. at 561.  With the reductions proposed in this final request, plaintiff's counsel should be fully compensated for all hours expended.

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S FEES ARE WITHOUT MERIT

### A.    CIW's Choice of Counsel Is Reasonable

    The CIW's choice of counsel was justified due to the emergency timeframe and was in the interests of efficiency.  As the Eleventh Circuit has held, "civil rights litigants may not be charged with selecting the nearest and cheapest attorney." *Dowdell*, 698 F.2d at 1192.  CIW retained Constantine Cannon because it had an established relationship with the firm which had

354571.1

recently litigated another matter involving emergency proceedings on CIW's behalf.  CIW did

not have the time or resources to vet unfamiliar counsel and brief them on the complex factual

background.  And it is highly doubtful that CIW would have been able to retain someone local to

take on this work on the promise of contingent, deferred payment, all within time to secure the

necessary relief for CIW's March 12 demonstration.  Palm Beach's contention that CIW should

have found cheaper local counsel to  prepare a complaint and emergency motion papers, as well

as present its case at an evidentiary hearing, all in half the time Palm Beach requested (17 days +

21-day extension) to find its purported expert on fees to prepare a 10-page declaration, ignores

the amount of work, under severe time pressure, required to secure the relief won here.

Defendant's objection to plaintiff's choice of counsel ignores the reality of how this

lawsuit started.  In over ten years of holding protest marches, this was the first time CIW had to

sue to march.  In the short timeframe of just a few weeks between impasse with Palm Beach and

its scheduled March 12 demonstration, CIW would not have been able to retain Palm Beach

counsel to take on a case of this magnitude, against a powerful municipality in its own backyard,

on the hope of deferred payment, and obtained the result counsel achieved here.  Ms. Brieant has

represented the CIW for many years.  Constantine Cannon had recently and successfully litigated

another matter for CIW, also involving preliminary injunction proceedings.  It was eminently

reasonable for CIW to entrust this work, and the fate of its march in Palm Beach, to counsel with

whom it had pre-existing relationships.

354571.1

**B.      Plaintiff's Fees Should Not Be Limited by Defense Counsel's Special Fee Arrangement**

Palm Beach's defense fees are irrelevant in calculating a § 1998 award.  Palm Beach repeatedly points to the favorable pricing and terms its long-time counsel, Jones Foster,[4] has offered Palm Beach for its defense against CIW's suit as a proposed benchmark for plaintiff CIW's § 1988 recovery.  Defense counsel's fees and internal billing practices are irrelevant to determining an award of fees to CIW who bore the burden of proof throughout.  Bohrer Dec. ¶14.  Moreover, Jones Foster's fees to Palm Beach are deeply discounted ($250 for senior partners), even as compared to the rates espoused by Palm Beach's own purported expert on fees ($450 for same), and cannot serve as a measure for a fee award to plaintiff CIW.

**C.      Defendant's Expert's Opinion Is Defective And Should Be Disregarded**

Defendant proffers a purported expert on attorney's fees, Arthur T. Schofield.  Mr. Schofield's opinion should be disregarded for several reasons.  First, he relies the hours defendant's counsel's billed as a benchmark to assess the reasonableness of CIW's attorney fees, even though the plaintiff bore the burden of proof and was the moving party.  Mr. Schofield's declaration, at ¶26 [ECF No. 63], sets out his conclusion regarding the range of awards he deems reasonable, and follows up with paragraph 27: "Notably, these hours, and the subsequent award [referring to his recommended range of awards], *is in close parallel to the hours billed to the Defendant in this action: 49.7 hours for partner time excluding that of John C. Randolph and 56.9 for associate time.*" Declaration of Arthur T. Schofield, Esq. ¶¶26-27. (emphasis added).  [ECF No. 63-1.]  That statement alone discredits Mr. Shofield's conclusions regarding what constitutes a reasonable award for CIW counsel's work in this matter.  It

---

[4] John C. Randolph, defendant's counsel, represented to the Court at the March 9, 2016 hearing that he has served as the Town's counsel for approximately thirty years.

presumes that CIW who carried the burden of proof, prepared a complaint and commenced this action, moved for emergency injunctive relief, put on evidence at a preliminary injunction/TRO hearing and obtained a preliminary injunction, all within an emergency timeframe – would have expended the same amount of attorney time as the defendant in this case. That simply does not add up.

In addition, Mr. Shofield's opinions do not qualify as expert testimony under Fed. R. Civ. P. 26(a)(2)(B).  Mr. Shofield fails to disclose: 1) the compensation to be paid him for his opinions; 2) all publications authored in the previous 10 years; and 3) a list of other cases during the previous 4 years in which he has testified as an expert at trial or by deposition, as required by F.R.C.P. 26(a)(2)(B).  These failures are material, and prejudice CIW in challenging Mr. Shofield's opinions.  Consequently, pursuant to Fed. R. Civ. P. 37(c)(1), his opinions should not be considered.  *See Carr v. Deeds*, 453 F.3d 593, 602 (4th Cir. 2006) ("Rule 37(c)(1) provides that '[a] party that without *substantial justification* fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.'") (emphasis in original).

While CIW's fee request is reasonable, should the Court find that a reduction of rates to the $450, $225, and $125 hourly rates proposed by Mr. Shofield is warranted, the figures in this chart reflect CIW's hours multiplied by actual rates, compared to the same hours multiplied by the rates proposed by defendant Palm Beach's expert.  [ECF No. 62 at 34.]

|  | Hours | Palm Beach's Proposed Rates | Total with Palm Beach's Proposed Rates: |
|---|---|---|---|
| Jean Kim | 255.65 | $450 | **$115,043** |
| Robert Begleiter | 49.4 | $450 | **$22,230** |
| Victoria Brieant | 119.76 | $450 | **$53,892** |

17

| Matthew Vaccaro | 113.45 | $225 | **$25,526** |
|---|---|---|---|
| Paralegal | 32.75 | $125 | **$4,094** |
| Expenses | | | **$9,074** |
| Total | | | **$229,859** |

### D.  Plaintiff's Expenses Incurred In Pursuing This Action Should Be Reimbursed As Part Of An Award Of Attorneys' Fees

Palm Beach is wrong on the law of assessing costs for civil rights actions.  *See* Opp. at 6-7, 34 [ECF No. 62].  Plaintiff's entitlement to costs is governed by § 1988, not merely 28 U.S.C. § 1920 as defendant has contended.  *See* Opp. Br. at 6.  Under § 1988, travel, telephone and legal research costs are recoverable as long as they were reasonably incurred.  *Evans v. Books-A-Million*, 762 F.3d 1288, 1298-99 (11th Cir. 2014) (adopting § 1988 analysis for costs incurred in fee-shifting case to award travel, legal research and postage costs) (citing cases); *Dowdell*, 698 F.2d at 1192 ("Travel, telephone, and postage expenses are not unusual [for civil rights cases]. All of them have been awarded in the decisions of the courts of this circuit.").  The costs are detailed in counsel's billing records.  Kim Decl. Ex. A.

As the prevailing party, CIW is entitled to its reasonable costs and expenses associated with vindicating its constitutional rights.  In *Dowdell* 698 F.2d at 1192, the Court held:

> [w]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988.  As is true in other applications of section 1988, the standard of reasonableness is to be given a liberal interpretation . . . .

Therefore, CIW is entitled to an award of reasonable expenses as a matter of course, and any reductions should occur only if the expense is deemed unreasonable.  Here, CIW incurred a total of $9,074 in costs and expenses.  Kim Dec. Ex. A; Brieant Decl. Ex. A.  The multitude of legal issues and the intricacy of the filings and evidentiary hearing required extensive research and preparation.  This total is clearly reasonable in light of the complex constitutional questions

18

involved in this matter.  Plaintiff's request for costs should be granted in its entirety.  To the extent the Clerk or Court enters a Bill of Costs, these costs will not be included in this motion.

> ### E.      Defendants' Offer of Judgment Is Calculated To Prevent Any Recovery

On June 2016, Defendant informed the local press that it had sent an offer of proof to Plaintiff for a $70,000 cap on plaintiff's recovery of attorney's fees.  Aside from the appropriateness of publicizing the offer in that manner, it should not be lost on the Court that the range of awards Palm Beach has advanced ($19,000-23,000), to the extent the Town believes any award is warranted, falls well below its $70,000 offer of judgment and below the fees its own expert suggests is reasonable.  [ECF No. 62 at 1, 34]  In the original briefing, Palm Beach requested a twenty-one-day extension to hire an expert and file its opposition to CIW's interim fee motion. [ECF No. 62.]  Its opposition was over double the pages of CIW's opening brief [ECF No. 45] and 14 pages over the limit provided under this Court's Local Rules.  Defendant appears intent on whittling away any award to get to Palm Beach's goal of zero.

## CERTIFICATION OF CONFERENCE WITH OPPOSING COUNSEL

Pursuant to Local Rule 7.3(8), the undersigned certifies that plaintiff's counsel met and conferred with defendant's counsel in an attempt to reach agreement with regard to attorneys' fees and costs.  As of the filing of this motion, the parties have not been able to reach an agreement.

## VERIFICATION

I hereby certify that the facts set forth herein are true and correct, as confirmed by the declarations attached.

354571.1

## <u>CONCLUSION</u>

The CIW is the prevailing party for purposes of awarding reasonable attorneys' fees and costs under § 1988; the hourly rates it seeks in its motion are reasonable, and its lodestar as adjusted is reasonable, resulting in a fee award of $292,249, plus the time to prepare this motion and for the hearing set for November 14, 2016, plus costs as supplemented at the hearing.

Dated: October 6, 2016                    Respectfully submitted,

                                By:        /s/ *Victoria E. Brieant*
                                          Victoria E. Brieant (FL. Bar # 6132961)
                                          victoria@brieantlaw.com
                                          Law Office of Victoria E. Brieant
                                          4000 Ponce de Leon Boulevard, Suite 470
                                          Coral Gables, FL 33146
                                          Tel: (305) 421-7200

                                          Jean Kim
                                          jkim@constantinecannon.com
                                          Constantine Cannon, LLP
                                          335 Madison Avenue, 9th Floor
                                          New York, NY 10017
                                          Tel: (212) 350-2700
                                          Fax: (212) 350-2701
                                          (*pro hac vice*)

                                          *Attorneys for Plaintiff*

354571.1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 6th day of October 2016, I will electronically file the foregoing **PLAINTIFF'S SUPPLEMENTAL MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS FINAL MOTION FOR AN AWARD OF ATTORNEY'S FEES** with the Clerk of the Court using the CM/ECF system, which will then send a Notification of Filing (NEF) to all counsel of record at the addresses below:

Jean Kim at jkim@constantinecannon.com
Robert Begleiter at rbegleiter@constantinecannon.com
Margaret Leslie Cooper at mcooper@jones-foster.com, aferrara@jonesfoster.com
James C. Randolph at jrandolph@jonesfoster.com.

By: <u>/s/ Victoria E. Brieant</u>

21

354571.1